**REVENUE CABINET, COMMON-
WEALTH OF KENTUCKY,
Appellant/Cross-Appellee,**

v.

**The HOKE COMPANY, INC.,
Appellee/Cross-Appellant.**

Court of Appeals of Kentucky.

Sept. 27, 1985.

Ross T. Carter, Frankfort, for appellant/cross-appellee.

Richard W. Jones, Hurt, Haverstock & Jones, Murray, for appellee/cross-appellant.

Before COOPER, HOWARD and WIL-HOIT, JJ.

WILHOIT, Judge.

This appeal and cross-appeal are from a judgment of the Calloway Circuit Court, affirming in part and reversing in part a decision of the Kentucky Board of Tax Appeals. The well-written judgment of the circuit court sets out the salient facts surrounding this case and, we believe, accu-

rately states the law. We therefore adopt as our own conclusions the following conclusions of the circuit court:

2. The Court finds no difficulty with the formula as used and applied by Revenue, and approved by the Kentucky Board of Tax Appeals, relating to the coal which was mined by Hoke and sold to and through the "related party", Parkway Coal. To that extent, the appeal, in the opinion of the Court, does not have merit, and the Kentucky Board of Tax Appeals is affirmed.

3. Turning to the other part of the controversy, viz: that coal mined by Hoke, sold to an independent broker for a price fixed at the mouth of the mine; and then, as a convenience to the broker, was transported by an independent entity from the mine mouth to the contractor's tipple, with Hoke being reimbursed for the actual cost incurred in such transportation. This is characterized as the "passed through" expense by Hoke. It seems to the Court that any reasonable interpretation of the literal words of the statute [*] would compel the conclusion that the "gross value" upon which the severance tax is levied is the amount received or receivable by the taxpayer *for the coal severed; not* for transportation furnished by others to remove the coal from the pit mouth and to the location of the independent broker's tipple. If such were the intent of the statute, the severance tax would then be due on the coal severed, plus transportation costs, irrespective of the distance or expense actually paid and borne by an independent buyer to the tipple or processing location. To the extent that the formula of Revenue attempts to include such costs of transportation, the tax assessed is, in the opinion of the Court, totally outside the intent or authority of the legislation under which the regulation is formulated. It is, therefore, the belief of the Court that the severance tax assessed on the "passed through" cost of transportation in this instance and under these circumstances is invalid, and the taxpayer should be relieved from the assessment, penalties, interest, et cetera, on such transportation, and they should be deducted from the deficiency assessment.

The judgment of the circuit court is affirmed.

All concur.

---

* The controlling statute is KRS 143.010(6) (enacted 1972, prior to its amendment effective July 1, 1978). *See* 1972 Ky. Acts ch. 62, pt. II, § 1; 1978 Ky. Acts ch. 189, § 1. The 1978 amendment now specifically resolves the ambiguity presented here.